UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JETZABEL BATISTA and KAYA PERSAUD,

                      Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS PASCHITTI (TAX 955300),
SERGEANT RICHARD SIEDMAN (TAX 942841),
POLICE OFFICER WILLIAM ORGERA (TAX
955280), POLICE OFFICER KEVIN MENENDEZ
(TAX 954127); POLICE OFFICER NICHOLAS
PALLADINO (TAX 955596); and POLICE OFFICER
MICHAEL OSTRANDER (TAX 954200);

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SECOND AMENDED COMPLAINT**

14-CV-6530 (RRM) (MDG)

**PLAINTIFFS DEMAND A TRIAL BY JURY**

        Plaintiffs Jetzabel Batista and Kaya Persaud, by their attorneys, Reibman & Weiner, as and for their Second Amended Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

        1.     At the time of the subject incident, plaintiff Jetzabel Batista was a 17 year-old female resident of Kings County within the State of New York. She is currently an adult.

        2.     At all times hereinafter mentioned, plaintiff Kaya Persaud was an adult male resident of Kings County, within the State of New York.

        3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant Nicholas Paschitti was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Police Officer. Defendant Paschitti is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Richard Siedman was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Sergeant. Defendant Siedman is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant William Orgera was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Police Officer. Defendant Orgera is sued herein in his official and individual capacities.

7. At all relevant times hereinafter mentioned, defendant Kevin Menendez was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Police Officer. Defendant Menendez is sued herein in his official and individual capacities.

8. At all relevant times hereinafter mentioned, defendant Nicholas Palladino was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Police Officer. Defendant Palladino is sued herein in his official and individual capacities.

9. At all relevant times hereinafter mentioned, defendant Michael Ostrander was an adult employed by the City of New York as a member of the NYPD assigned to the Housing Bureau, Police Service Area 3, with the rank of Police Officer. Defendant Ostrander is sued herein in his official and individual capacities.

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

11. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq.*, in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

12. That plaintiffs timely served Notices of Claims on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

13. At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

14. This action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

15. On March 24, 2014, at about 6:00 p.m., plaintiffs were lawfully present inside of their apartment located at 303 Vernon Avenue, Apartment 6G, Brooklyn, New York (the "apartment" or "premises").

16. At this time, defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander forcibly entered the apartment while defendant Siedman remained outside.

17. The individual defendants did not have a warrant when they invaded the apartment.

18. The individual defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

19. There were no exigent circumstances present that would permit defendants to enter the premises.

20. No one who was inside or potentially inside the apartment was in distress before the individual defendants invaded the apartment.

21. No one who was inside or potentially inside the apartment was injured before the individual defendants invaded the apartment.

22. No one who was inside or potentially inside the apartment was threatened with imminent injury before the individual defendants invaded the apartment.

23. The individual defendants unlawfully seized plaintiffs and subjected them to force.

24. Because the individual defendants' entry into the apartment was unlawful, the individual defendants' use of force on the plaintiffs was per se unreasonable and excessive.

25. Moreover, the individual defendants subjected plaintiff Jetzabel Batista to excessive force by, *inter alia*, striking and kicking her, pulling her hair, choking her, dragging her body on the floor, and kneeing her.

26. The individual defendants subjected plaintiff Kaya Persaud to excessive force by, *inter alia*, kicking and kneeing him, punching him in the face, dragging him on the floor, and choking him.

27. The individual defendants proceeded to handcuff and formally arrest plaintiffs/

28. Plaintiffs were not engaged in any suspicious or illegal activity.

29. The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

30. The individual defendants took plaintiff Jetzabel Batista to the emergency room of Wykoff Hospital to receive treatment for the injuries she sustained at the hands of the defendants.

31. The individual defendants took plaintiff Kaya Persaud to the emergency room of Woodhull Hospital to receive treatment for the injuries he sustained at the hands of the defendants.

32. The defendants then took plaintiffs to a station house of the 83rd Precinct where they were held for several hours.

33. Plaintiffs were eventually transferred to Kings County Central Booking where they were held for several more hours before they were summarily released without explanation and without being charged.

34. At no time prior to or during the encounter was there probable cause to arrest plaintiffs.

35. At no time did any individual defendant take any steps to intervene in, prevent, or otherwise intercede on behalf of plaintiffs while their constitutional rights were being violated in the presence of the individual defendants.

36. The individual defendants intentionally and deliberately gave false statements or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

37. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
### FOR FALSE ARREST PURSUANT TO 42 U.S.C. § 1983
### AGAINST EACH INDIVIDUAL DEFENDANT

38. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander willfully and intentionally entered plaintiffs' apartment without a warrant, and then seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed. Defendant Siedman was present outside the apartment, and supervised, approved, and otherwise did not interfere with the entry, seizure, and arrest of plaintiffs.

40. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41. The individual defendants either participated in the false arrests of plaintiffs or failed to intervene on plaintiffs' behalf.

42. The individual defendants, individually and collectively, subjected plaintiffs to false arrest and imprisonment, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION
## FOR UNLAWFUL ENTRY, SEARCH, AND SEIZURE PURSUANT TO 42 U.S.C. § 1983 AGAINST EACH INDIVIDUAL DEFENDANT

44. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

45. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander willfully and intentionally entered plaintiffs' apartment, and then searched and seized plaintiffs. Defendant Siedman was present outside the apartment, and supervised, approved, and otherwise did not interfere with the entry, search, and seizure of plaintiffs.

46. The individual defendants did not have a warrant when they invaded the apartment.

47. The individual defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

48. There were no exigent circumstances present that would permit defendants to enter the premises.

49. No one who was inside or potentially inside the apartment was in distress before the individual defendants invaded the apartment.

50. No one who was inside or potentially inside the apartment was injured before the individual defendants invaded the apartment.

51. No one who was inside or potentially inside the apartment was threatened with imminent injury before the individual defendants invaded the apartment.

52. The individual defendants unlawfully seized plaintiffs and subjected them to force.

53. The individual defendants' unlawful entry into the apartment was the proximate cause of the seizure and arrest of plaintiffs.

54. The individual defendants either participated in the unlawful entry, search, and seizure of plaintiffs, or failed to intervene on plaintiffs' behalf.

55. The individual defendants, individually and collectively, thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

56. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, the deprivation of liberty, and the loss of their constitutional rights.

## THIRD CAUSE OF ACTION
## FOR EXCESSIVE FORCE PURSUANT TO 42 U.S.C. SECTION 1983
## AGAINST PASCHITTI, ORGERA, MENENDEZ, PALLADINO, AND OSTRANDER

57. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

58. At no time did defendants Paschitti, Orgera, Menendez, Palladino, or Ostrander have any legal basis for using physical force against plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

59. Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

60. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander either participated in the excessive force against plaintiffs or failed to intervene on plaintiffs' behalf.

61. By so doing, defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander, individually and collectively, subjected plaintiffs to excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62. By reason thereof, defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander have violated 42 U.S.C. § 1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, and the loss of their constitutional rights.

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## <u>THE CITY OF NEW YORK</u>

63. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

64. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

65. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

66. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

67. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

68. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

69. The existence of aforementioned unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.)

70. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

71. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

72. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

73. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## FIFTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT PURSUANT TO STATE LAW
## AGAINST ALL DEFENDANTS

74. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

75. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander willfully and intentionally entered plaintiffs' apartment, seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

76. Defendant Siedman was present outside the apartment, and supervised, approved, and otherwise did not interfere with the seizures and arrests of plaintiffs.

77. At no time did defendants have any legal basis for arresting or imprisoning

plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

78. The individual defendants either participated in the false arrests against plaintiffs or failed to intervene on plaintiffs' behalf.

79. The individual defendants, individually and collectively, subjected plaintiffs to false arrest and imprisonment, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

80. The defendants, including the City of New York, are therefore liable under New York law to plaintiffs for false arrest and false imprisonment.

81. By reason thereof, the defendants have caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**SIXTH CAUSE OF ACTION**
**FOR ASSAULT AND BATTERY PURSUANT TO STATE LAW**
**AGAINST DEFENDANTS THE CITY OF NEW YORK, PASCHITTI,**
**ORGERA, MENENDEZ, PALLADINO, AND OSTRANDER**

82. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

83. At no time did defendants Paschitti, Orgera, Menendez, Palladino, or Ostrander have any legal basis for using physical force against plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

84. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

85. Defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander either participated in the excessive force against plaintiffs or failed to intervene on plaintiffs' behalf.

86. By so doing, defendants Paschitti, Orgera, Menendez, Palladino, and Ostrander, individually and collectively, subjected plaintiffs to excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

87. The defendants, including the City of New York, are therefore liable under New York law to plaintiffs for the state torts of assault and battery.

88. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, and the loss of their constitutional rights.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iv. On the Second Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vii. On the Fourth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

viii. On the Fifth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

ix. On the Fifth Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    x.      On the Fifth Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    xi.     On the Sixth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

    xii.    On the Sixth Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    xiii.   On the Sixth Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    xiv.   Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    xv.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
         October 17, 2016

By:    /s/                      
James Sanborn (JS-5949)
Reibman & Weiner
26 Court Street, Suite 1808
Brooklyn, New York 11242
Tel.: (718) 522-1743
*Attorneys for Plaintiffs*